**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Online Stores, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| UEP, Inc., d/b/a Flagline.com, d/b/a Everythinginflags, and John Does 1 through 10, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Online Stores, Inc., by and through its attorneys, Clark Hill Thorp Reed, states this Complaint against UEP, Inc., d/b/a Flagline.com, d/b/a Everythinginflags, and John Does 1 through 10.

1. This action arises, *inter alia*, under the Lanham Act of 1946 ("Lanham Act") as amended, 15 U.S.C. § 1051 *et seq*., and the common law and seeks to remedy unlawful trademark infringement, counterfeiting, and unfair competition to the personal and commercial detriment of the Plaintiff Online Stores, Inc.

## THE PARTIES

2. Online Stores, Inc. ("Online Stores"), is a corporation having its principal place of business at 1000 Westinghouse Drive, Suite 1, New Stanton, Pennsylvania 15672.

3. UEP, Inc., d/b/a Flagline.com, d/b/a Everythinginflags, is a corporation having a principal place places of business at 4345 Beverley Street, Suite D, Colorado Springs, CO 80918.

4. On information and belief, UEP, Inc.'s, unlawful actions as alleged herein were undertaken directly by UEP, Inc., and/or directly, together, contibutorily, and/or vicariously by or

with additional John Doe entities or individuals that are also sued as Defendants herein and that are referred to hereinafter collectively with UEP, Inc., as "Defendant".

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) to the extent that the action is predicated on the Lanham Act, has jurisdiction pendent thereto pursuant to 28 U.S.C. § 1338(b), and has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and, on information and belief, the matter in controversy exceeds the sum of value of $75,000.

6. This Court has personal jurisdiction over Defendant because it has transacted business in Pennsylvania and has had sufficient general, specific, systematic, and continuous minimum contacts with Pennsylvania to meet the requirements of due process and Pennsylvania law.

7. Such contacts with Pennsylvania include, without limitation, Defendant's maintenance of interactive product advertisements through the Amazon.com website marketplace, which allow customers to view Defendant's products and to purchase goods from Defendant and which forms, in part, a specific basis for the allegations and claims of this suit.

8. This Court has specific personal jurisdiction over Defendant because, in connection with the review and investigation of Defendant's infringing conduct by Plaintiff Online Stores, Defendant has shipped infringing product into Pennsylvania that was order by and sold to a purchaser located in Pennsylvania.

9. Defendant's general, specific, systematic, and continuous minimum contacts with Pennsylvania also include Defendant's advertising, marketing and, upon information and belief, commercial transactions directed towards and conducted with Pennsylvania residents.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff Online Stores is located in this District, Defendant is subject to personal jurisdiction in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant's Amazon.com advertisements were or are accessible from this District for the transaction of business.

## FACTS

11. Since September of 2001, Online Stores has been engaged in the business of offering for sale and selling items including flags, flagpoles, decorations, and associated accessories on the Internet through retail websites.

12. Online Stores operates a commercial website located at www.united-states-flag.com and its associated pages, which utilizes the distinctive trademarks and overall business brand developed by and belonging to Online Stores.

13. In addition, Online Stores markets and sells its products through various third party online retail websites, including through the Amazon.com website marketplace.

14. Online Stores has used and continues to use a SUPER KNIT word mark and design mark (collectively, the "Mark") in commerce in connection with its sale of quality knitted flags to identify itself as a particular single source of such products.

15. Online Stores has used iterations of the Mark since at least as early as June 2004, has registered the Mark with the United States Patent and Trademark Office at Reg. No. 4,125,184 and

Reg. No. 4,125,292, and has made significant efforts to protect the Mark's valuable commercial goodwill.

16.     As a result of the prominent and continuous use of the Mark by Online Stores throughout the United States and abroad, the Mark has become well recognized and associated with Online Stores as a trusted source of quality flags.  As a result of this trust and recognition among consumers, Online Stores and the Mark have developed substantial commercial goodwill and a favorable commercial reputation.

17.     The Mark, as used by Online Stores, has developed substantial commercial goodwill and recognition with the consuming public, has inherent or acquired distinction and secondary meaning, and has generated considerable commercial sales throughout the United States and abroad.

18.     Since its inception, Online Stores has spent over $3 million promoting, marketing, and advertising flags in association with the Mark.  In connection with the Mark, Online Stores has engaged in gross sales valued at over $6 million.  As a result of Online Stores' use, promotion, and commercial development of the Mark, as alleged herein, Online Stores has developed nationwide protectable trademark rights therein.

19.     After Online Stores' development and acquisition of nationwide rights in the Mark, including after Online Stores' registration of the Mark with the United States Patent and Trademark Office, Defendant engaged in unlawful trademark infringement and counterfeiting through the offer for sale and sale of counterfeit flags in association with the Mark, including without limitation through advertisements and sales on the Amazon.com website marketplace.

20.     Defendant has no right to make any use of the Mark in any manner, and the unlawful sale of flags by Defendant that are advertised, marked, labeled or otherwise associated with Mark

has constituted and will continue to constitute acts of infringement under the federal Lanham Act 15 U.S.C. § 1051, *et seq.*, and state common law.

21. Defendant's use and exploitation of the Mark has likely caused and is likely to continue to cause confusion among consumers in the market as to the source or sponsorship of the flags sold by Defendant. Moreover, Online Stores' investigation has revealed that the counterfeit flags sold by Defendant are of substantially inferior quality and associate the Mark and Online Stores with inferior counterfeit merchandise.

22. In competition with Online Stores, Defendant has adopted, used, and continues to use the Mark in commerce to sell flags. In competition with Online Stores, Defendant has used the Mark in an infringing manner to falsely and confusingly describe its goods and, thereby, control the Amazon.com "buy box" – which directs consumers to the lowest price source of a specifically described product.

23. Upon information and belief, Defendant has adopted and utilizes the Mark with an intent to confusingly and unlawfully divert consumers, business, and commercial goodwill away from Online Stores and to Defendant; and Defendant has gained commercial recognition, customers, sales, business, and other commercial benefits from its infringing use of the Mark.

24. At no point in time has Defendant had permission, in any manner, from Online Stores to utilize the Mark or any confusingly similar variants thereof.

25. Without limitation, Defendant's unlawful activity has resulted and will continue to result in substantial injury to Online Stores in that:

    (a)    it deprives Online Stores of its right to determine the manner in which the Mark or any similar variants thereof are represented to the consuming public;

 (b) it unlawfully exploits the commercial value and consumer goodwill that Online Stores has developed in the Mark or any similar variants thereof;

 (c) it has irreparably harmed and injured the commercial reputation of Online Stores and the Mark, particularly to the extent that the products or services of Defendant have been of inferior quality to those of Online Stores; and

 (d) no part of the profits or other compensation collected by the Defendant as a result of its unlawful activities have been paid to Online Stores.

26. On information and belief, the acts of Defendant alleged herein were committed and undertaken willfully, maliciously, in bad faith, and with the intent to unlawfully profit from and trade upon the commercial recognition, notoriety, and goodwill of the Online Stores and the Mark.

## COUNT I

## LANHAM ACT VIOLATION - 15 U.S.C. § 1114

27. Online Stores incorporates by reference, as if fully set forth here, the allegations of all preceding and subsequent paragraphs.

28. This is a claim under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for infringement and counterfeiting of Online Stores' trademark rights in its registered SUPER KNIT Mark.

29. As described above, since at least as early as June 2004, Online Stores has used and continues to use the SUPER KNIT Mark in commerce in connection with its sale of quality knitted flags, and Online Stores is the lawful owner of the distinctive and legally protected Mark.

30. Online Stores is the registered owner of registrations for the Mark with the United States Patent and Trademark Office at Reg. No. 4,125,184 and Reg. No. 4,125,292 for use of the Mark on or in connection with the sale of various flags.

31. As described above, Defendant has adopted, utilized, profited from, and threatens to further use the Mark on and in connection with its sale of non-genuine flags, which use infringes the rights of Online Stores in the Mark.

32. Defendant's past and continuing use of the Mark has likely caused and is likely to further cause confusion among purchasers and consumers as to the source or sponsorship of Defendant's non-genuine flags and/or any associated goods or services sold in conjunction with Mark.

33. Alternatively, Defendant's past and continuing use of the Mark has likely caused and is likely to further cause confusion among purchasers and consumers as to the source or sponsorship of Online Stores' genuine flags and/or any associated goods or services sold in conjunction with the Mark.

34. Defendant, by misappropriating and using the Mark, has misrepresented and falsely described to the consuming public the origin, source, sponsorship, and/or affiliation of the Defendant and its products with Online Stores and the Mark, so as to create a likelihood of confusion in the consuming public.

35. Defendant's activities constitute express and implied misrepresentations that the Defendant's products were and/or are promoted, sponsored, authorized, or approved by Online Stores and affiliated with the Mark.

36. Defendant has not obtained from Online Stores any permission, authority, or license to use the Mark in conjunction with the Defendant's goods or services.

37. The acts of Defendant asserted herein are in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, in that Defendant has used and is using, in connection with its goods and services, an infringing and counterfeit representation of the Mark.

38. Online Stores has suffered and will continue to suffer damages as a result of Defendant's acts as set forth herein in an amount not yet determined.

39. Online Stores has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendant's acts as set forth herein.

## COUNT II

## LANHAM ACT VIOLATION - 15 U.S.C. § 1125(a)

40. Online Stores incorporates by reference, as if fully set forth here, the allegations of all preceding and subsequent paragraphs.

41. This is a claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for unfair competition and infringement of Online Stores' rights in its distinctive SUPER KNIT Mark.

42. As described above, since at least as early as June 2004, Online Stores has used and continues to use the SUPER KNIT Mark in commerce in connection with its sale of quality knitted flags, and Online Stores is the lawful owner of the distinctive and legally protected Mark.

43. As described above, Defendant has adopted, utilized, profited from, and threatens to further use the Mark on and in connection with its sale of non-genuine flags, which use infringes the rights of Online Stores in the Mark.

44. Defendant's past and continuing use of the Mark has likely caused and is likely to further cause confusion among purchasers and consumers as to the source or sponsorship of

Defendant's non-genuine flags and/or any associated goods or services sold in conjunction with Mark.

45. Alternatively, Defendant's past and continuing use of the Mark has likely caused and is likely to further cause confusion among purchasers and consumers as to the source or sponsorship of Online Stores' genuine flags and/or any associated goods or services sold in conjunction with the Mark.

46. Defendant, by misappropriating and using the Mark, has misrepresented and falsely described to the consuming public the origin, source, sponsorship, and/or affiliation of the Defendant and its products with Online Stores and the Mark, so as to create a likelihood of confusion in the consuming public.

47. Defendant's activities constitute express and implied misrepresentations that the Defendant's products were and/or are promoted, sponsored, authorized, or approved by Online Stores and affiliated with the Mark.

48. Defendant has not obtained from Online Stores any permission, authority, or license to use the Mark in conjunction with the Defendant's goods or services.

49. The acts of Defendant asserted herein are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant has used and is using, in connection with its goods and services, a false designation of origin and a false description or presentation.

50. Online Stores has suffered and will continue to suffer damages as a result of Defendant's acts as set forth herein in an amount not yet determined.

51. Online Stores has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendant's acts as set forth herein.

## COUNT III

## UNFAIR COMPETITION AND INFRINGEMENT UNDER THE COMMON LAW

52. Online Stores incorporates by reference, as if fully set forth here, the allegations of all preceding and subsequent paragraphs.

53. By the acts described above, Defendant has engaged in unfair competition and infringement of the distinctive SUPER KNIT Mark.

54. As described above, since at least as early as June 2004, Online Stores has used and continues to use the SUPER KNIT Mark in commerce in connection with its sale of quality knitted flags, and Online Stores is the lawful owner of the distinctive and legally protected Mark.

55. Defendant's use and exploitation of the Mark on non-genuine goods is confusingly similar to the Online Stores' legitimate use of the Mark on Online Stores' genuine goods and has likely caused and is likely to further cause confusion among consumers in the relevant market for the flags and related goods and services.

56. Online Stores has suffered and will continue to suffer damages as a result of Defendant's acts as set forth herein in an amount not yet determined.

57. Online Stores has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendant's acts as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Online Stores, Inc., requests judgment in its favor and against Defendant and asks this Court, *inter alia*:

    A. To order a preliminary and permanent injunction enjoining and restraining Defendant, and all persons acting in concert with it, from using the SUPER KNIT

trademark, or any mark or designation confusingly similar thereto, on or otherwise in connection with any sale or offer for sale of flags or any related goods or services or otherwise.

B. To order Defendant to pay to Plaintiff Online Stores, pursuant to 15 U.S.C. § 1117(a), the amount of damages sustained by Online Stores and/or the profits derived by Defendant through its unfair competition and the infringing use of SUPER KNIT trademark or any mark or designation confusingly similar thereto;

C. To order Defendant to pay to Plaintiff Online Stores, pursuant to 15 U.S.C. §§ 1117(a) and/or 1117(b), up to three times the amount of damages sustained by Online Stores and/or up to three times the profits derived by Defendant through its unfair competition and the infringing and counterfeit use of the SUPER KNIT trademark or any mark or designation confusingly similar thereto;

D. To order Defendant to pay to Plaintiff Online Stores, pursuant to 15 U.S.C. § 1117(c) and if and to the extent that Plaintiff has so elected before final judgment, statutory damages for its unlawful counterfeit use of the SUPER KNIT trademark;

E. To order Defendant to pay to Plaintiff Online Stores any and all appropriate compensatory, punitive, and other damages caused by Defendant in violation of the common law through its unfair competition and the infringing use of the SUPER KNIT trademark or any mark or designation confusingly similar thereto;

F. To order Defendant to pay to Plaintiff Online Stores, pursuant to 15 U.S.C. §§ 1117(a) and/or 1117(b) or otherwise, the attorney's fees, costs, and interest thereon incurred by Plaintiff Online Stores in connection with this action; and

    G. To award all other and further relief to Plaintiff Online Stores that this Court deems just and proper.

## JURY DEMAND

A trial by jury is hereby demanded on all claims and issues so triable.

Respectfully submitted,

Dated: September 10, 2013

/s/ J. Alexander Hershey
J. Alexander Hershey
Pa. I.D. No. 84741
Elizabeth F. Collura
Pa. I.D. No. 206197
CLARK HILL THORP REED
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone:  (412) 394-7711
Facsimile:   (412) 394-2555
E-mail: ahershey@clarkhillthorpreed.com
E-mail: ecollura@clarkhillthorpreed.com

*Attorneys for Online Stores, Inc.*